IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DERRIS W. COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:05-cv-743-GPM |
| ) | |
| MEARL J. JUSTUS, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion to Dismiss for Lack of Prosecution filed by T. J. Collins on January 8, 2007 (Doc. 21), and the Motion to Dismiss for Lack of Prosecution filed by Jon Gardner on January 9, 2007 (Doc. 22).  For the reasons set forth below, it is **RECOMMENDED** that both motions be **GRANTED**, that the matter be **DISMISSED WITH PREJUDICE**, and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

Derris W. Company ("Plaintiff") filed the complaint on October 14, 2005, alleging that Defendants were deliberately indifferent to his medical condition after he slipped and fell on a wet floor at the St. Clair County Jail.  Plaintiff filed his complaint while still incarcerated at the St. Clair County Jail, 700 North 5th Street, Belleville, Illinois 62220.  However, on two separate occasions, August 23, 2006, and November 13, 2006, mail sent from the Clerk's Office to that address was returned as undeliverable, indicating that Plaintiff was no longer residing there.

On January 8, 2007, Defendant T. J. Collins filed a motion to dismiss. In that motion, Collins indicates that Plaintiff was released from the St. Clair County Jail on February 1, 2006. He argues that Plaintiff's failure to inform the Clerk's Office and opposing parties of his whereabouts constitutes grounds for dismissal pursuant to Rule 41(b). Collins also avers that Plaintiff has not responded to written requests for discovery. Defendant Jon Gardner joined Collins's motion to dismiss on January 9, 2007, averring, as does Collins, that Plaintiff's action should be dismissed pursuant to Rule 41(b) because of his lack of prosecution and failure to update the Court and parties as to his whereabouts as required by Local Rule 3.1.

On February 15, 2007, the Court ordered Plaintiff to show cause as to why he had not complied with Local Rule 3.1. In that order, which was sent to his last known address of record, the Court explicitly warned Plaintiff that his failure to show cause would result in a recommendation that his action be dismissed for want of prosecution. Plaintiff did not show cause or submit a response by the March 2, 2007 deadline set forth in that order.

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 41(b) provides that, upon motion, a court may dismiss an action for failure to prosecute and for failure to comply with court orders. It is clear in this case that Plaintiff is not actively prosecuting this lawsuit. Specifically, he did not provide responses to discovery requests propounded by Collins and Gardner, he did not respond to the two outstanding motions to dismiss his case, and he did not comply with this Court's order that he show cause. Additionally, Plaintiff has remained in violation of Local Rule 3.1 for over 14 months in that he has not provided the Court or the opposing parties information as to his whereabouts since his transfer from the St. Clair County Jail in February 2006. In light of his

neglect of the case and the Court's specific warning that the action is in jeopardy of being dismissed, dismissal for want of prosecution is appropriate at this time. <u>Daniels v. Brennan</u>, 887 F.2d 783, 787 (7th Cir. 1989) ("The power of federal judges to dismiss for want of prosecution is based in part on the necessity to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."); <u>Matter of Bluestein & Co.</u>, 68 F.3d 1022, 1025 (7th Cir. 1995).

CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that both motions (Doc. 21 & 22) be **GRANTED**, that the matter be **DISMISSED WITH PREJUDICE**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. <u>Snyder v. Nolen</u>, 380 F.3d 279, 284 (7th Cir. 2004); <u>United States v. Hernandez-Rivas</u>, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: April 26, 2007**

<u>s/ *Donald G. Wilkerson*</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**